**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ROBERTA NEELY,                                )
                                             )
             Plaintiff,                       )
                                             )        Case No. 25-1168-EFM-ADM
vs.                                          )
                                             )
ALTIUM PACKAGING,                            )
                                             )
             Defendant.                       )

**REPORT AND RECOMENDATION**

When plaintiff Roberta Neely originally filed this personal-injury action, she was represented by an attorney. On February 23, 2026, the court granted counsel leave to withdraw as Neely's attorney, thereby leaving her without counsel. (ECF 38.) Since then—approximately three months ago—Neely has not participated in this action despite multiple warnings from the court. For the reasons discussed below, the undersigned recommends that this case be dismissed with prejudice for failure to prosecute.

## I.    BACKGROUND

Neely was represented by counsel when defendant Altium Packaging removed her state-court action to this court on August 4, 2025. (ECF 1.) On February 2, 2026, Neely's counsel filed a Motion to Withdraw as Counsel, explaining that Neely had terminated his representation on January 29. (ECF 24.) On February 23, the court granted the motion. (ECF 38.) In so doing, the court told Neely that the court expected her to participate in the case and meet the deadlines set forth in the scheduling order, whether she remained *pro se* or secured new counsel. (*Id.* at 1.)

Despite the court's order, Neely has not participated in the case. First, she missed the scheduling order's March 27 deadline to work with defense counsel and jointly submit a proposed pretrial order. The court then re-set the submission deadline for April 13. (ECF 41.) In the order

re-setting the deadline, the court specifically noted, "plaintiff has an obligation to participate in preparing the pretrial order, and she is not entitled to unilaterally grind this case to a halt." (*Id.*) The court gave Neely "one more opportunity to comply with this court's rules of procedure and caution[ed] [Neely] that, if she fails to do so, the court will *likely recommend that her claims be dismissed for lack of prosecution*." (*Id.* (emphasis added).) On April 13, defense counsel again submitted a draft pretrial order that contained only defendant's input. Counsel explained his unsuccessful attempts to obtain input from Neely to complete the plaintiff's portion of the form. (*See* Exhibit A).

In addition, Neely has not complied with her discovery obligations. Neely failed to respond to Altium Packaging's Second Set of Requests for Production of Documents by the March 4 deadline. At Altium Packaging's request, the court convened a discovery conference on April 9 to discuss the failure to respond. (ECF 45.) Neely did not appear for the conference. The court granted Altium Packaging leave to file a motion to compel the documents. Altium Packaging filed its motion to compel (ECF 46) on April 13, thereby making Neely's response due April 27. Neely did not respond to the motion to compel discovery. On April 28, the court granted Altium Packaging's motion to compel as uncontested and ordered Neely to produce documents by May 7. (ECF 47.) Again, the court cautioned Neely "that she has an obligation to participate in discovery or *risk having her case dismissed for failure to prosecute her claims*." (*Id.* (emphasis added).) There is no indication on the record that Neely complied with the court's order to produce the documents.

On April 28, the court issued an order to show cause, noting that "[b]y not participating in discovery or the pretrial-order process, Neely has forced this case to a standstill." (ECF 48.) The court ordered Neely to show cause in writing by May 14, "why this case should not be dismissed

2

with prejudice for failure to prosecute pursuant to FED. R. CIV. P. 41(b)." (*Id.*) The court then issued Neely a third warning that "if she fails to respond by the deadline, the court *intends to proceed with recommending that the district judge dismiss this action*." (*Id.* (emphasis added).) Neely did not respond to the order to show cause.

## II.    ANALYSIS

Where a plaintiff fails to comply with a court order or rule or fails to prosecute the case, a district court has discretion to dismiss the action under Federal Rule of Civil Procedure 41(b). *See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007). "When dismissing a case without prejudice, 'a district court may, without abusing its discretion, enter such an order without attention to any particular procedures.'" *AdvantEdge*, 552 F.3d at 1236 (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007)). When dismissing a case with prejudice, a harsher remedy, the district court must first examine the factors set forth in *Ehrenhaus v. Reynolds*: (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. 965 F.2d 916, 921 (10th Cir. 1992). Dismissal with prejudice is warranted when "the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Id.*

Here, the *Ehrenhaus* factors warrant dismissing Neely's claims with prejudice. Neely has not participated in this case since her attorney withdrew in February. She has repeatedly disregarded this court's orders. This includes deadlines set forth in the initial scheduling order, the March 30 order requiring her to participate in drafting the proposed pretrial order, and the April

28 order to produce documents. She also disregarded this court's rules, most blatantly by failing to participate in drafting the proposed pretrial order. *See* D. KAN. RULE 16.2(a). Finally, Neely failed to respond to the court's April 28 order to show cause why the case should not be dismissed.

The court has now repeatedly warned Neely that her failure to comply with court orders and rules would likely result in this action being dismissed. Yet she has ignored every warning. Given Neely's failure to actively participate in the case and her continued failure to comply with the court's orders and court rules, the undersigned finds the sanction of dismissal is appropriate because she has effectively stopped participating in this case. Lesser sanctions, such as those discussed in Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(iv), have no efficacy where a plaintiff has abandoned her claims. Further, permitting this case to linger on the docket will prejudice defendant, who has already been forced to expend resources defending against Neely's claims and attempting to persuade Neely to participate in her own case, which has proved fruitless. Because Neely has abandoned all efforts to prosecute this case, the undersigned recommends that this case be dismissed with prejudice pursuant to Rule 41(b).

## III.   CONCLUSION

For the reasons discussed above, the undersigned recommends that this case be dismissed with prejudice pursuant to Rule 41(b).

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. R. 72.1.4(b), the court informs Neely that she may file specific written objections to this report and recommendation within fourteen days after being served with a copy. If Neely fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this

recommendation will be allowed by any court.  *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS SO RECOMMENDED.**  The court directs the Clerk to send a copy of this report and recommendation to Neely via regular and certified mail.

Dated May 15, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
